**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDWARD DUNN, | ) |
|     Petitioner, | ) ) ) |
|     vs. | )    Case No. 4:19-cv-02932-MTS ) |
| ANNE PRECYTHE, et al., | ) ) |
|     Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Edward Dunn's Petition under 28 U.S.C. § 2254 for writ of habeas corpus. Doc. [1]. Petitioner is no longer "in custody pursuant to the judgment of a state court," *see* 28 U.S.C. § 2254(a), nor shown any collateral consequences; therefore, there is not a case or controversy before the Court under Article III, § 2 of the Constitution. The Petition is dismissed.

    **I.**    **Factual and Procedural Background**

In June of 2014, Petitioner was arrested for driving while intoxicated. In July of 2014, he was charged with driving while intoxicated as a chronic offender. Petitioner was released subject to conditions of a Bond Memo Order that included house arrest as a condition. In March of 2016, Petitioner pleaded guilty to the offense, and in April of 2016 he was released from house arrest and sentenced to five years of imprisonment.

In June of 2017, Petitioner filed an action in state court asking the court to declare as a matter of law that pursuant to Missouri Revised Statute section 588.031, he was entitled to credit for the time he spent on house arrest prior to his sentencing. His petition for declaratory relief was denied, and the Missouri Court of Appeals affirmed the judgment of the trial court, finding that

Petitioner was not legally entitled, under section 588.031, to credit towards his sentence for the time he spent out on bond, subject to house arrest. *Dunn v. Precythe*, 557 S.W.3d 454 (Mo. Ct. App. 2018). In April of 2019, Petitioner was released on parole under the supervision of the Missouri Parole Board and the Division of Probation and Parole. In October of 2019, Petitioner filed his petition for habeas relief in this Court.

## II.     Legal Standard and Discussion

"Section 2254(a) permits a federal court to entertain an application for a writ of habeas corpus on behalf of a person 'in custody pursuant to the judgment of a State court.'" *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (per curiam) (citing 28 U.S.C. § 2254). A petitioner must be "in custody" at the time a § 2254 petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Id.* at 491. An ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 242 (1963). However, a habeas petitioner does not remain "in custody" for a conviction after the sentence imposed for it has fully expired. *Maleng*, 490 U.S. at 492. As such, for a petitioner to maintain a case or controversy as required under Article III, § 2 of the Constitution a petitioner that has an expired sentence must offer "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Larson v. Fabian*, 324 F. App'x. 540 (8th Cir. 2009) (Petitioner's appeal dismissed because the intervening completion of his revocation sentence mooted his claims, and no collateral consequences were asserted or apparent).

At the time Petitioner filed his Petition he was on parole and considered "in custody" pursuant to 28 U.S.C. § 2254. However, Petitioner's sentence has now fully expired, and he has not offered any "concrete and continuing injury other than the now-ended incarceration or parole" to maintain his habeas lawsuit. *Spencer*, 118 S. Ct. 978, (1998). As such, relief under 28 U.S.C. § 2254 is not available to Petitioner and his Petition must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Edward Dunn for writ of habeas corpus, Doc. [1], pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FINALLY ORDERED** that Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 6th day of December, 2022

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE